**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-2139 & 11-2966
_____

LAWRENCE A. ELEUTERI, JR.,

Appellant

v.

KAREN ELEUTERI; THOMAS HURLEY, Esq.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-02002)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2012
Before:  CHAGARES, VANASKIE and STAPLETON, Circuit Judges

(Opinion filed: January 13, 2012)
_____

OPINION
_____

PER CURIAM

Lawrence A. Eleuteri, Jr. ("Mr. Eleuteri, Jr.") appeals pro se from the District Court's dismissal of his amended complaint. For the reasons that follow, we will affirm the District Court's judgment.

This case arises out of a family dispute between Mr. Eleuteri, Jr. and his father, Lawrence A. Eleuteri, Sr., and his father's wife, Karen Eleuteri ("the Eleuteris").[1] According to Mr. Eleuteri, Jr., the Eleuteris orally agreed to sell him "a house and lot, which adjoined their property," but later "refused to pass title to the property unless" he agreed to "relinquish visitation rights to his children." This demand was allegedly contained in a March 2007 memorandum. Initially, Mr. Eleuteri, Jr. sued the Eleuteris in state court. During the state court proceedings, the Eleuteris were represented by Thomas Hurley.

In April 2010, Mr. Eleuteri, Jr. filed a complaint in the District Court, which he later amended, against the Eleuteris and Hurley. Mr. Eleuteri, Jr. raised claims under 42 U.S.C. §§ 1982, 1983, 1985, alleged that the Eleuteris made fraudulent misrepresentations to the state court, and asserted that the Eleuteris were liable for "the tort of coercion," "breach of contract," and "willful neglect and child abuse." As relief, Mr. Eleuteri, Jr. sought $50 million in damages and an order "restraining visitation and vacating the [s]tate [c]ourt's prior judgments."

---

[1] Lawrence A. Eletueri, Sr., died during these proceedings and the Clerk of this Court granted Mr. Eleuteri, Jr.'s motion to dismiss Mr. Eleuteri, Sr. from this appeal. Nevertheless, as noted above, we will refer to Lawrence A. Eleuteri, Sr. and Karen

The District Court noted that "[o]ther than the conclusory assertion that Defendants were 'in privity with local and state government,' there appears to be no factual basis for the claim that they were acting under color of state law in taking any of the actions alleged to have harmed" Mr. Eleuteri, Jr.  Accordingly, the District Court directed Mr. Eleuteri, Jr. to show cause why the complaint should not be dismissed.  In response, Mr. Eleuteri, Jr. alleged that Mr. Eleuteri, Sr. was a retired state judge and that the defendants' conduct involved the state courts.  The District Court concluded that these allegations were insufficient and dismissed the complaint, holding that Mr. Eleuteri, Jr. had not sufficiently alleged that the defendants were acting under color of state law.  Mr. Eleuteri, Jr., filed a notice of appeal, which was docketed at C.A. No. 11-2966.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the case.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008).  We accept as true all of the allegations contained in the amended complaint and draw reasonable inferences in favor of the plaintiff.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam).  To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may affirm the

Eleuteri as "the Eleuteris."
[2] Earlier, Mr. Eleuteri, Jr. had appealed from an order granting a motion to dismiss filed by Hurley.  That appeal, which was docketed at C.A. No. 11-2139, has been consolidated

3

District Court on any basis supported by the record. Fairview Twp. v. EPA, 773 F. 2d 517, 525 n.15 (3d Cir. 1985).

As the District Court explained, a claim for a violation of civil rights under 42 U.S.C. § 1983 can be sustained only if a defendant has deprived a plaintiff of a federal constitutional or statutory right while acting under color of state law. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). We agree that the Eleuteris and Hurley, who were private actors in a state court dispute with Mr. Eleuteri, Jr., did not act under color of state law. This conclusion is not altered by Mr. Eleuteri, Sr.'s status as a former state judge or by the fact that the allegedly unconstitutional conduct occurred in state court proceedings. See Barna v. City of Perth Amboy, 42 F.3d 809, 816 (3d Cir. 1994) (stating that "purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law."); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) (holding that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

Mr. Eleuteri, Jr. also invoked 42 U.S.C. §§ 1982 and 1985 as a basis for his claims. Section 1982 provides that all citizens have equal rights to "inherit, purchase, lease, sell, hold, and convey real estate and personal property." Nothing in the amended complaint, however, indicates that the defendants caused Mr. Eleuteri, Jr. to be deprived

for all purposes with the appeal at C.A. No. 11-2966.

of those rights. With respect to his claims under § 1985, Mr. Eleuteri, Jr. failed to set out sufficient facts to show that any alleged conspiracy was motivated by a "class-based, invidiously discriminatory animus." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006); see also Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001) (stating that "in the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel."). Finally, we conclude that the District Court did not abuse its discretion in implicitly declining to exercise supplemental jurisdiction over Mr. Eleuteri, Jr.'s state law tort claims. Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).

For the foregoing reasons, we will affirm the judgment of the District Court.

5